Marian Georgiev Tonchev
VLADIMIROVA,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73651.
Agency No. A77–393–427.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 2003.*

Decided Dec. 4, 2003.

Peter L. Ashman, Las Vegas, NV, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Marshall Tamor Golding, Washington, DC, District Counsel, Phoenix, AZ, Terri J. Scadron, Robbin K. Blaya, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM**

Petitioner Marian Georgiev Tonchev Vladimirova, an ethnic Macedonian citizen

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of Bulgaria, appeals an order from the Board of Immigration Appeals (BIA) denying his application for Political Asylum and Withholding of Removal and ordering his removal from the United States.[1] The BIA affirmed without opinion a decision of an immigration judge (IJ) denying his application for relief. Tonchev argues that he has demonstrated evidence sufficient to receive asylum and withholding of removal based on past persecution alone. He also argues that the IJ erred in failing to articulate cogent and specific reasons for finding his testimony non-credible. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition for review.

We review the IJ's decision, because the BIA adopted it as its own. *Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996). We review Tonchev's petition under the substantial evidence standard, and may overturn the IJ's decision to deny Tonchev's application for asylum and withholding of removal only if there is evidence in the record "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacharias,* 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Abovian v. INS,* 219 F.3d 972, 977–78 (9th Cir.2000). In reviewing the IJ's credibility determination, we recognize that "[t]he immigration judge is in the best position to make credibility findings because he sees the witness as the testimony is given," although the IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994) (internal quotation marks omitted).

■■■ We conclude that a reasonable factfinder considering this record could find that Tonchev lacked the "requsite fear of persecution." Tonchev, who described a single incident of physical violence directed against him based on his ethnicity (the cause of which was ambiguous), did not demonstrate the kind of "atrocious persecution" we have previously required to support claims for asylum based on past persecution alone. *See Vongsakdy v. INS,* 171 F.3d 1203, 1205–1206 (9th Cir.1999) (describing a petitioner kept in Laotian communist reeducation camp and subjected to repeated beatings and torture). There is considerable evidence in the record, including State Department reports from 1997 and 1999, to suggest that there is no likelihood of future persecution in Bulgaria based merely on Macedonian ethnic identity or membership in OMO–Ilinden, the political group to which Tonchev belongs. Finally, we defer to the IJ's finding that Tonchev was not credible, because the IJ offered "specific" and "cogent" reasons for finding Tonchev non-credible that bore a "legitimate nexus" to the credibility determination. *Osorio,* 99 F.3d at 931 (internal quotation marks omitted). The IJ called into question the authenticity of a number of specific documents provided by Tonchev, he offered specific reasons for suspicion about Tonchev's account of his father's death, and he found Tonchev surprisingly ill-informed about the activities of OMO–Ilinden. Therefore, reviewing Tonchev's petition under the substantial evidence standard, we affirm the determination of the IJ and the BIA.

**PETITION FOR REVIEW DENIED.**

1. The facts are known to the parties, and are referred to only as necessary to explain our

holding here.